# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | ) C.A. No. 22-50177 |
|---|---|
| Plaintiff-Appellee, | ) D.C. No. CR 21-395-RGK<br>) (Central Dist. Cal.) |
| v. | ) |
| | ) **GOVERNMENT'S MOTION** |
| GONZALO RAMOS, | ) **TO DISMISS APPEAL** |
| Defendant-Appellant. | ) |

Plaintiff-Appellee, the United States of America, hereby moves under Federal Rule of Appellate Procedure 27 and Ninth Circuit Rules 27-9.2 and 27-11 to dismiss the appeal of Defendant-Appellant Gonzalo Ramos. Defendant knowingly and voluntarily waived his right to appeal his conviction in a written plea agreement. This case-dispositive motion stays the briefing schedule under Ninth Circuit Rule 27-11(a).

This motion is based on the attached memorandum of points and authorities, defendant's Excerpts of Record, the Presentence Report, the files and records in this case, and such further argument or evidence as may be presented to the Court.

Defendant is in custody serving the sentence imposed in this case.

No court reporter is in default with regard to any designated transcript.

| | |
|---|---|
| DATED: August 21, 2023 | Respectfully submitted,<br><br>E. MARTIN ESTRADA<br>United States Attorney<br><br>MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division<br><br>BRAM M. ALDEN<br>Assistant United States Attorney<br>Chief, Criminal Appeals Section<br><br>/s/ *Suria M. Bahadue*<br><br>SURIA M. BAHADUE<br>Assistant United States Attorney<br>Criminal Appeals Section<br><br>Attorneys for Plaintiff-Appellee<br>UNITED STATES OF AMERICA |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Gonzalo Ramos is a two-time convicted felon who was caught possessing a loaded, stolen firearm.  He entered into a written plea agreement (ER-116-34) and waived his right to appeal his conviction, with the exception of an appeal based on a claim that his guilty plea was involuntary (ER-126).[1]  Defendant nevertheless appeals his conviction, claiming that the district court abused its discretion by refusing to let him withdraw his guilty plea based on (what he contends is) an intervening Supreme Court decision.  (AOB 3.)  That is not "a claim that defendant's guilty plea was involuntary" (ER-126); accordingly, defendant's appeal is encompassed by his appeal waiver. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) ("We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a

---

[1] "CR" refers to the Clerk's Record in the district court and is followed by the docket number.  "ER" refers to the Excerpts of Record filed by defendant, "AOB" refers to Appellant's Opening Brief, and PSR refers to the Presentence Report; each is followed by applicable page numbers.

guilty plea."). Nor is there any merit to defendant's contention that his appeal waiver is unenforceable under *United States v. Buchanan*, 59 F.3d 914 (9th Cir. 2005), and its progeny. (AOB 72-74.) The district court never advised defendant clearly and unequivocally that he had a *right* to appeal. Defendant's appeal waiver should be enforced and his appeal dismissed.

## II. BACKGROUND

In May 2021, defendant, a recidivist felon, possessed a loaded, stolen .38-caliber revolver in his waistband. (PSR ¶¶ 11-14; ER-123.) At the time, defendant already had two felony convictions. (PSR ¶¶ 36-37; *see also* ER-66-67, 123.) Accordingly, defendant was charged with being a felon in possession of a firearm and ammunition, and with possessing a stolen firearm. (ER-135-39.)

Defendant signed a written plea agreement in February 2022. (ER-116-34.) He agreed to plead guilty to being a felon in possession of a firearm and ammunition (ER-116-17), in exchange for the government's dismissal of the stolen-firearm count and recommendation of a low-end Guidelines sentence (ER-119-20). The plea agreement included a "WAIVER OF APPEAL OF CONVICTION," which provided:

2

"Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty." (ER-126.) On signing the plea agreement, defendant verified:

> I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, . . . and of the consequences of entering into this agreement. . . . I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

(ER-133.) Defendant's attorney also verified that she "carefully and thoroughly discussed every part" of the agreement with him, including "the consequences of entering into th[e] agreement." (ER-133-34.)

On February 28, 2023, the district court held a hearing to take defendant's guilty plea. (ER-100-115.) After being placed under oath, defendant confirmed that he had "gone over" the plea with his attorney; he was "satisfied" with her advice; he understood the plea agreement "fully;" and he wished to enter into the plea agreement. (ER-103-04.) The court then reviewed the rights defendant would give up by pleading

3

guilty. (ER-110-12.) Among others, the court advised defendant that he "would be giving up [his] right to appeal the conviction," and defendant confirmed that he understood. (ER-112.) The court consequently entered findings that defendant knowingly and voluntarily waived his rights, and that it explained the "consequences and possible consequences of the plea" to defendant. (ER-113.)

In June 2022, as defendant awaited sentencing, the Supreme Court decided *New York State Rifle Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Defendant moved to withdraw his guilty plea, vacate his sentencing, and dismiss the indictment. (ER-35-56.) He claimed that *Bruen* provided a fair and just reason to withdraw his guilty plea (ER-43-44, 89), and that the indictment should be dismissed because 18 U.S.C. § 922(g)(1) was unconstitutional as applied to him (ER-44-56).

Before sentencing, the district court denied defendant's request in a seven-page decision. (ER-28-34.) After holding that § 922(g)(1) is constitutional as applied to defendant (ER-30-33), the court concluded that *Bruen* did not provide a fair and just reason to permit defendant to withdraw his plea. (ER-33-34 (citing *United States v. Ensminger*, 567 F.3d 587, 594 (9th Cir. 2009)).)

4

The day before sentencing, defendant moved the court to reconsider its ruling but only as to the denial of his motion to withdraw his guilty plea. (ER-25-27.) He did so to expressly "preserve [his] appellate rights" and "facilitate appellate review." (ER-26.) At sentencing, defendant again emphasized that he sought reconsideration to "facilitate appellate review." (ER-12.) In response, the government clarified that "the plea agreement limits the appeal" and that "the whole crux of defendant's motion was to get out from under [his] plea." (*Id.*) The court recognized this as well, stating that the motion aimed to "set aside the plea, enter a new and open plea on it, and . . . get around the collateral attack." (ER-13.) Defense counsel also acknowledged that the plea agreement limited appellate rights. (ER-14.) The district court then stated:

> Counsel, basically, it's either the court's going to decide it now or the appellate court's going to decide it later whether or not the defendant should be able to withdraw his plea. I don't know of any—well, the motion is going to be denied. I don't know of any reason why the court should not or should allow it at this time. The appellate court may think it might. Let's put it in their hands if you think it is wrong.

(ER-14.)

5

The court sentenced defendant to a below-Guidelines sentence of 33 months' imprisonment. (ER-19.) At the end of the proceedings, the court stated, "if you wish to appeal the *sentence*, it has to be done within 14 days from today." (ER-22 (emphasis added).)

Defendant now appeals his conviction on the sole ground that the district court abused its discretion when it denied his motion to withdraw. (AOB 3.) He does not dispute the validity of his appeal waiver or that he knowingly and voluntarily entered his guilty plea; instead, he insists that the waiver is unenforceable based on the district court's comments at sentencing. (AOB 72-74.)

### III. ARGUMENT

If an appeal only raises claims that are encompassed by a valid, enforceable waiver of appeal, the appeal must be dismissed. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). This Court has held that "[a] defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Rahman*, 642 F.3d at 1259 (quotation marks omitted).

6

Defendant does not deny that these standards are met here. (AOB 72-74.) In his plea agreement, defendant waived "any right to appeal [his] conviction," except for "a claim that [his] guilty plea was involuntary." (ER-126.) This Court has "consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." *Rahman*, 642 F.3d at 1259; *see also United States v. Minasyan*, 4 F.4th 770, 777 n.3 (9th Cir. 2021) (finding appeal waiver—with the same language as defendant's waiver—encompassed the claim "that the district court erred in refusing to allow [the defendant] to withdraw his plea"). As a result, defendant's only claim on appeal is encompassed by his appeal waiver. Furthermore, the waiver was knowingly and voluntarily made, as defendant attested to in writing in the plea agreement (ER-133), and again under oath at the change-of-plea hearing (ER-103-04, 112-13).

Defendant's only response—that the appeal waiver is unenforceable based on the district court's statements at sentencing, (AOB 73-74)—is wrong for two independent reasons. *First*, the court never advised defendant, without qualification, that he had the right to appeal, as *Buchanan* and its progeny require. *Second*, even if the

7

district court had, *Buchanan* is limited to situations where misstatements about appellate rights occur contemporaneously with the waiver, which did not happen here.[2]

To begin, the district court did not advise defendant "*without qualification*" that he had a "right to appeal." *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (emphasis in original; quotation marks omitted). In *Buchanan*, this Court invalidated an appeal waiver when a district court told the defendant twice that he had "a right under Rule 32 to appeal the sentencing findings." 59 F.3d at 918. As defendant's own authority recently clarified (AOB 72), "[o]nly" such "clear, unequivocal statements that contradict waiver, such as 'you have

---

[2] Although it does not matter, because *Buchanan* does not apply here, *Buchanan* and its progeny are wrong. They defy the rule that plea agreements are contracts measured by contract-law standards. *United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022). The district court is not a party to the plea agreement between the defendant and the government (ER-130), and therefore should not be able to deprive the government of the benefit of its bargain. *See United States v. Hernandez-Gomez*, 2023 WL 1097256, at *4 n.1 (9th Cir. Jan. 30, 2023) (unpublished) (Collins, J., concurring) ("*Buchanan* has been subject to a 'chorus of criticism' in our sister circuits, *see United States v. Fleming*, 239 F.3d 761, 765 (6th Cir. 2001), and in an appropriate case, the en banc court should eliminate that circuit split by overruling *Buchanan*."). The government preserves the argument that *Buchanan* is wrong and should be overruled.

the right to appeal findings which I make today regarding sentencing,'" invalidate a waiver. *United States v. Nishida*, 53 F.4th 1144, 1149 (9th Cir. 2022) (quoting *Buchanan*, 59 F.3d at 917).

Consistent with *Nishida*, this Court has repeatedly enforced an appeal waiver when a district court makes ambiguous, equivocal, or qualified statements. For instance, in *United States v. Watson*, this Court held that a judge's comment—"[t]ake an appeal if you—maybe it's waived. I don't know, but . . . you got a great lawyer. Maybe he'll find a way to get an appeal out of this and declare that unconstitutional"—was "ambivalent" and did not invalidate a waiver. 582 F.3d at 987-88. Likewise, in *United States v. Aguilar-Muniz*, there was no *Buchanan* error where the district court told the defendant: "[I]f you believe the waiver is unenforceable, you can present that theory to the appellate court." 156 F.3d 974, 977 (9th Cir. 1998). Nor was there error in *United States v. Schuman*, where the district court said: "I don't know whether under these circumstances whether his right of appeal has been lost or not. I'm making a finding it's up to the Ninth Circuit . . . to decide." 127 F.3d 815, 817 (9th Cir. 1997). In sum, an ambivalent invitation to "[t]ake an appeal," *Watson*, 582 F.3d at 987, or to take an

9

issue "up to" to this Court, *Schuman*, 127 F.3d at 817, does not invalidate an appeal waiver. *See also United States v. Arias-Espinosa*, 704 F.3d 616, 619 (9th Cir. 2012) (appeal waiver still valid where district court said defendant "may have a right to appeal").

Here, the district court never advised defendant, "clear[ly]" and "unequivocal[ly]," *Nishida*, 53 F.4th at 1149, that he had a *right* to appeal. When denying defendant's motion for reconsideration, the court equivocated from the start—"it's either the court's going to decide it now or the appellate court's going to decide it later whether or not the defendant should be able to withdraw his plea." (ER-14). That statement appears to express uncertainty as to which court will decide whether defendant should withdraw from his plea, and an expression of uncertainty cannot be a "clear statement[]" advising defendant that he has a right to appeal. *Buchanan*, 59 F.3d at 918.

The district court's next statements express even more uncertainty and ambiguity. The court continued, "*I don't know* of any—well the motion is going to be denied. *I don't know* of any reason why the court should not or should allow it at this time. The appellate court *may* think it might. Let's put it in their hands *if* you think it is wrong."

10

(ER-14 (emphasis added).) These comments also appear to express the court's uncertainty on whether to permit defendant to withdraw and the possibility that this Court "may" disagree with the decision "if" defendant takes the issue up. At best, the district court's use of the phrase, "I don't know," twice and the words, "may" and "if," reflects "possibility, not certainty," and an equivocal statement that defendant "'possibly' has the right to appeal do[es] not cancel his prior waiver." *Arias-Espinosa*, 704 F.3d at 619. Further, the court's statement, "Let's put it in their hands if you think it is wrong," is at least as ambiguous as the statements in *Watson* where the district court advised a defendant to "[t]ake an appeal," 582 F.3d at 987-88, or the "finding" in *Schuman* that an issue is "up to the Ninth Circuit to decide," 127 F.3d at 817. There, as here, an ambiguous suggestion to appeal does not constitute a clear and unequivocal statement that a defendant has the *right* to do so, as required under *Buchanan*.

Nor is the district court's statement, "*[i]f* you wish to appeal the *sentence*, it has to be done within 14 days of today" (ER-22 (emphasis added)), an unqualified advisal that defendant has a right to appeal his conviction, as this Court has repeatedly held. *See United States v. Le*,

11

C.A. 21-50232, Dkt. No. 30 (9th Cir. 2022) (similar statement, by same district judge, held not to invalidate waiver, because there was no "unambiguous advisement of his right to appeal"); *United States v. Basulto*, 593 F. App'x 650, 651 (9th Cir. 2015) (similar statement, by same district judge, held not to invalidate waiver, because there was no "unequivocal advisement of a right to appeal"); *see also United States v. Berry*, 462 F. App'x 734, 735 (9th Cir. 2011) ("advisement" of "days to file a written notice of appeal" did not invalidate appeal waiver).

At bottom, the court's statements were neither unambiguous nor without qualification, and they could not lead defendant to a reasonable expectation that he had the right to appeal. Indeed, defendant's entire strategy leading up to sentencing and at sentencing reflects that he knew his plea agreement barred an appeal of his conviction, including an appeal from the denial of his motion to withdraw. That is why he sought reconsideration *only* as to the denial of his motion to withdraw. (*See* ER-26 (moving for reconsideration to "preserve [his] appellate rights" and "help facilitate appeal").) The parties and the court also discussed the purpose of the reconsideration motion at sentencing. (ER-12 (defendant reiterating that he sought reconsideration to "facilitate

12

appellate review"); *id.* (government stressing that "the plea agreement limits the appeal" and the "crux" of defendant's motion "was to get out from under the plea so he could appeal"); ER-13 (court acknowledging that defendant sought to "set aside the plea, enter a new and open plea on it, and . . . get around the collateral attack").) In short, the whole point of defendant's reconsideration motion was to get his appellate rights back. Accordingly, he cannot plausibly claim that he reasonably expected to have a right to appeal once the court denied that motion.

The second, independent reason the appeal waiver should be enforced is because *Buchanan* applies only in "the situation in which confusion regarding appellate rights arises contemporaneously with the waiver." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1177 (9th Cir. 2005). While erroneous advice at the plea stage could confuse a defendant as to the rights he is waiving, that same advice months later cannot cause retroactive confusion. *Id.* (rejecting defendant's "attempts to have later confusion 'relate back' to his waiver"). Thus, this Court has refused to invalidate appellate waivers based on erroneous advice at sentencing hearings months after plea hearings. *See id.* at 1174, 1177 (three-month gap); *United States v. Floyd,* 108 F.3d 202, 204 (9th

13

Cir. 1997) (same), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 949 (9th Cir. 2007); *United States v. Moore*, 726 F. App'x 620, 621 (9th Cir. 2018) (six-month gap).

Here, the gap was close to six months. Defendant pleaded guilty at a hearing on February 28, 2022 (ER-100-15) and was sentenced on August 8, 2022 (ER-8-24). Even if he was misadvised about his appellate rights at sentencing, the gap of six months between the plea and sentencing hearing sets this case far apart from "the situation in which confusion about appellate rights arises contemporaneously with the waiver." *Lopez-Armenta*, 400 F.3d at 1177.

\* \* \*

In exchange for defendant's guilty plea, the government promised to dismiss the stolen-firearm count and recommend a low-end Guidelines sentence. (ER-119-20.) The government kept its promises (ER-23; *see also* CR 25), and defendant received a below-Guidelines sentence (ER-19). In the very least, the government is entitled to receive the benefit of its bargain, and defendant's appellate waiver should be enforced.

14

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that defendant's appeal be dismissed.

DATED: August 21, 2023            Respectfully submitted,

                                              E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BRAM M. ALDEN
Assistant United States Attorney
Chief, Criminal Appeals Section

/s/ *Suria M. Bahadue*

SURIA M. BAHADUE
Assistant United States Attorney
Criminal Appeals Section

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA